FILED
03 MAR 27 PM 3:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JAYSON S. VICE, et al., }
    Plaintiffs, }
v. }  CIVIL ACTION NO.
    }  03-AR-0162-M
BERNIE BAKER, }
    Defendant and }
    Third-party plaintiff, }
v. }
JOE M. ALLBAUGH, Director, }
Federal Emergency Management }
Agency, }
    Third-party defendant. }

ENTERED
MAR 27 2003

## MEMORANDUM OPINION

    The docket sheet in the above-entitled case maintained by the Clerk reflects that Jayson S. Vice and Leslie Vice ("the Vices") are the plaintiffs, that Bernie Baker ("Baker") is the defendant and third-party plaintiff, and that Joe M. Allbaugh ("Allbaugh"), Director, Federal Emergency Management Agency ("FEMA"), is the third-party defendant. The notice of removal filed by Allbaugh on January 23, 2003, purported to remove only the third-party action brought by Baker against Allbaugh. Not only because Baker's claim against Allbaugh is derivative of the Vices' claim against Baker, but because it is impossible to remove only a part of a case pending in a state court, the Clerk has properly treated the entire case as having been removed.



Baker has moved to remand the case. The Vices are silent. Their silence may be explained in one of three ways. They may have thought that only the third-party action had been removed and that their action remained in the Circuit Court of Etowah County. They may not care whether they proceed in this court or in the forum they chose. Or, they may acknowledge that Allbaugh had the right to remove the entire case.

Baker makes a persuasive argument that this removal could not be based on the existence of a federal question appearing on the face of the original complaint, or on some theory of exclusive federal jurisdiction over the original controversy. With this proposition the court agrees. Therefore, this removal cannot be justified by an invocation of 28 U.S.C. §§ 1331 and 1441. It can only be justified by the invocation of 28 U.S.C. § 1442(a)(1), a specialized, rarely used removal statute.

This court finds it difficult to understand why Allbaugh, who invoked 28 U.S.C. § 1442(a)(1) as an alternative basis for his removal, did not simply point to the leading case that discusses § 1442(a)(1), namely, *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 119 S. Ct. 2069 (1999). This court has more familiarity with *Jefferson County v. Acker*, than the average federal judge. In that case, the United States Supreme Court narrowly approved Acker's removal of a case from a state court and paved the way for Allbaugh. Acker's right to remove *Jefferson County v. Acker* was frankly more debatable than Allbaugh's right to remove the instant

case. *Jefferson County v. Acker* makes plain that § 1442(a)(1) does not require the existence of a federal question. It depends solely upon the facts (1) that an act of the federal official being sued is implicated, and, (2) that he wishes to interpose some defense based on his status as a federal official. Allbaugh's removal perfectly fits the category into which *Jefferson County v. Acker* was shoe-horned. For this reason, Baker's motion to remand will be denied by separate order.

Allbaugh's motion to dismiss filed on March 24, 2003, will be heard at this court's next regular motion docket **at 9:00 a.m. on April 18, 2003**. Baker shall file any brief he desires to file in opposition **by 4:30 p.m., April 11, 2003**. If he does not do so, he will be deemed to have conceded Allbaugh's motion to dismiss. If the motion to dismiss is granted, it will occasion a remand of the Vices' action to the state court.

DONE this 27th day of March, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE