+

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JASON S. VICE, et al.,

    Plaintiffs.

v.

BERNIE BAKER,

    Defendant and
    Third-party plaintiff,

v.

JOE M. ALLBAUGH, Director,
Federal Emergency Management
Agency,

    Third-party defendant.

CIVIL ACTION NO.
03-AR-0162-M



ENTERED

MAY 29 2003

## MEMORANDUM OPINION

The court has for consideration the motion of third-party defendant, Joe J. Allbaugh ("Allbaugh"), Director of the Federal Emergency Management Agency, to dismiss the third-party action of defendant, Bernie Baker ("Baker").

The court earlier denied the motion of Baker to remand the case which was removed by Allbaugh through the narrow window provided him by 28 U.S.C. § 1442(a)(1). Allbaugh did not purport to remove (but did, as a matter of law, remove) the main case brought in the Circuit Court of Etowah County, Alabama, by plaintiffs, Jason S. Vice and Leslie Vice ("the Vices"), against Baker. The court followed the lead of Professor Moore in Moore's Federal Practice, Third Edition, § 107.11[1][b], where he says:

> The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove. If the original defendant had no right to remove, or chose not to, an ancillary defendant should not be permitted to remove, **absent express statutory authority**.

(emphasis supplied).

This court found "express statutory authority" in 28 U.S.C. § 1442(a)(1), as the Fifth Circuit did using another statutory window in *Nolan v. Boeing Co.*, 919 F. 2d 1058, 1064 (5th Cir. 1990), and as the Eleventh Circuit did in *In re Surinam Airways Holding Co.*, 974 F. 2d 1255, 1259 (11th Cir. 1992). In both *Boeing Co.* and *Surinam Airways*, the cases, in their entirety, were necessarily removed by the effectual removal of the third-party claims pursuant to special statutory provisions.

The question now before this court, after the valid removal of the entire case, is whether the indemnification provided by 42 U.S.C. § 4081(c) allows Baker to sue Allbaugh now in an attempt to obtain a back-stop. The indemnity statute reads as follows:

> **(c) Agent or broker indemnification**
>
> The Director of the Federal Emergency Management Agency shall hold any agent or broker selling or undertaking to sell flood insurance under this chapter harmless from **any judgment for damages against such agent or broker** as a result of any court action by a policyholder or applicant arising out of an error or omission on the part of the Federal Emergency Management Agency, and shall provide any such agent or broker with indemnification, including court costs and reasonable attorney fees, arising out of and caused by an error or omission on the part of the

2

> Federal Emergency Management Agency and its contractors. The Director of the Federal Emergency Management Agency may not hold harmless or indemnify an agent or broker for his or her error or omission.

(emphasis supplied).

Allbaugh argues, first, that he, as a federal official, has not waived his sovereign immunity, and that there is no statutory waiver of the immunity of the United States from suit under these circumstances.

Alternatively, Allbaugh argues that if § 4081(c) is found to contain a waiver of sovereign immunity, it nevertheless subjects him to suit only after a **judgment** as been rendered against Baker, the indemnitee-broker.

These are both provocative arguments. As a matter of reality, how could a federal official "hold harmless" a broker who sells flood insurance without the federal official himself being exposed to suit? Congress is presumed to have meaning and purpose when it enacts legislation. It is not presumed to enact a sham and an illusion, which is what § 4081(c) would be if the beneficiary of the express indemnity cannot enforce it. The argument that a waiver of sovereign immunity must be unequivocal may be based on a valid principle of statutory construction, but the waiver here is so assumed within the statutory language as to be unequivocal. There is no other logical construction it can be given.

Whether or not a claim of indemnity by Baker against Allbaugh can **mature** until an actual **judgment** has been entered against Baker

3

is a different and more difficult question. The statute is equivocal in this regard, and the court concludes, by strictly construing the statute in favor of Allbaugh, that it allows Allbaugh to avoid exposure to suit until after a trial of the action brought by the Vices against Baker, and then only if the Vices obtain a **judgment**. A strict construction of § 4081(c) allows Allbaugh to bet on the possibility that the Vices will lose, thus obviating any indemnity obligation. However, if a judgment should be entered in favor of the Vices and against Baker, it will, of course, eliminate Allbaugh's right to contest the claim of the Vices against Baker on its merits, something Allbaugh could have done if he had decided not to duck and instead to participate in the defense of the Vices' claim as third-party defendant. The matter could become complicated if Baker should negotiate a settlement with the Vices and effectuate that settlement by allowing a consent **judgment** to be entered against him. If and when a non-collusive judgment is entered against Baker, and Baker thereafter sues Allbaugh, the liability inquiry will be limited to the question of whether the judgment arose "out of an error or omission on the part of the Federal Emergency Management Agency," as distinct from an error or omission committed by Baker himself. In any future trial to enforce the indemnity provided by § 4081(c), Baker can recover from Allbaugh not only the amount of the Vices' judgment, but also Baker's attorney's fees and court costs that

4

result from his unsuccessful defense of the action brought by the Vices, and his attorney's fees and court costs in the separate indemnity case.

Construing § 4081(c) in favor of Allbaugh as the court must do, and has done, the court will grant Allbaugh's motion to dismiss, but without prejudice to Baker's right to sue Allbaugh under § 4081(c) when and if a judgment is entered against Baker and in favor of the Vices in the Circuit Court of Etowah County, the court to which this case will be remanded by separate order.

DONE this 29th day of May, 2003.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE